UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

22-CR-311-MKV

UNITED STATES OF AMERICA
           Plaintiff

V.

JEFFREY SOBERMAN PARKET
           Defendant
_____/

**VERIFIED PETITION FOR HEARING ON FORFEITURE, AND CLAIMANT'S PETITION ASSERTING INTEREST IN PROPERTY SUBJECT OF THIS COURT'S PRELIMINARY ORDER OF FORFEITURE [D.E. 39], AND REQUEST FOR A HEARING**

COMES NOW, Petitioner/Claimant, Robyn S. Parket ("Ms. Parket"), who is entitled to fifty percent of the Equity Roth IRA ending in account number 5129 (the "Roth IRA"), listed in this Court's February 15, 2023 Consent Preliminary Order of Forfeiture as to Specific Property/ Money Judgment (the "Preliminary Order") [DE: 39] , by and through Philip L. Reizenstein, Esq., and Reizenstein and Associates, hereby files, pursuant to 21 U.S.C. §853(n)[1], and the Preliminary Order, this her Petition for a hearing to adjudicate the validity of her 50% interest in the Roth IRA. In support, thereof, Ms. Parket avers under oath as follows:

1. Ms. Parket is the estranged and soon to be former wife of Defendant, Jeffrey Parket ("Defendant").

---

[1] The right to a hearing to contest an order of forfeiture is governed by 21 U.S.C. §853(n) which states, *inter alia*, that: "(3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). The statute also states that the court should, if practical, hold a hearing within thirty days, at which the petitioner has the burden of proof to establish by a preponderance of evidence that the petitioner has the "right, title, or interest in the property and such right, title, or interest renders the order of forfeiture invalid in whole or in part …" 21 U.S.C. § 853(n)(6)(A).

2. Defendant and Ms. Parket (the "Parkets") were married on September 2, 1989.

3. On November 21, 2022, Ms. Parket filed a Petition for divorce against Defendant in the Supreme Court, State of New York, County of Queens, Divorce Index Number 724582/2022 (the "Divorce Case"), in which pending Divorce Case, on November 23, 2022 the Parkets entered into Stipulation for Settlement of Divorce (the "Divorce Settlement"), attached as Exhibit 1 hereto, which provides in Article 21 (E) (1)-(19)[3] that Ms. Parket is entitled to fifty percent (50%) of the Roth IRA.

4. On February 15, 2023 this Court entered the Preliminary Order which listed US currency held in a JP Morgan Chase account, and as an ***alternative asset***, the Roth IRA of which Ms. Parket is entitled to receive an equitable distribution of fifty percent (50%) [DE:39].

5. Ms. Parket requests that this Court hold a hearing to adjudicate the validity of her fifty percent (50%) interest in the Roth IRA that she owns and to which she is entitled.

6. The Roth IRA was, and always has been the marital property of the Parkets as husband and wife since the account was established in either the late 1990s or as late as 2002-2003, which predates any criminal activity for which Defendant was indicted and to which he entered a plea. The indictment lists criminal allegations against Defendant beginning in 2016 [DE: 1].

7. The Roth IRA was first established, and has been subsequently held, at an entity called. Equity Trust, 1 Equity Way, Westlake, OH 44145 since the IRA Establishment Date.

8. The Roth IRA was funded with, and contains, just one asset – a 5% interest (the "Empower Shares") in Empower Energy, 3 Bethesda Metro Center, Suite 800, Bethesda, MD 20814. Website is https://www.empowerenergies.com/. The Empower Shares have

---

[3] Ex. 1, Article 21, p. 20, ¶ E

been held in the Roth IRA at, and by, Equity Trust, since sometime between 2009-2011 (the "Roth IRA Funding Dates").

9. Ms. Parket is currently a resident of Florida. Under Fla. Stat. §222.21, a Roth IRA is exempt from the claims of her creditors.

10. Defendant is a resident of New York, and Ms. Parket has been a resident of New York until January 2022. Under N.Y. C.P.L.R. 5205(c), a Roth IRA is exempt from the claims of either of their creditors.

11. Defendant was charged by information [D.E. 12] that beginning in November 2016 through November 2021 he engaged in criminal activity including wire, mail and bank fraud, and aggravated identity theft, none of which are in any way related to the Empower Shares in the Roth IRA. Ms. Parket is an innocent spouse and was identified as a victim of the identity fraud of the Defendant.

12. On February 15, 2023, Defendant plead guilty as to Counts One and Three of the Information, and agreed to forfeit $65,441,683.82, representing proceeds traceable to the commission of those offenses.

13. However, Defendant had no right to agree to the forfeiture of the full value of the Roth IRA of which fifty percent (50%) belongs to his estranged wife, Ms. Parket, pursuant to the Divorce Settlement, as a marital asset, as an innocent spouse, and as the owner of property not subject to forfeiture as a direct or substitute asset.[4]

---

[4] Counsel believes the use of the term "alternative asset" in the Preliminary Order of Forfeiture is a synonym for designating the Roth IRA as a substitute asset for forfeiture as the case law uses that term.

State of Florida

SS:

County of Palm Beach

I, Robyn S. Parket, having been duly sworn and taken and oath, and under penalty of perjury, do state that I am the Petitioner/Claimant in this proceeding, have read this Petition, the facts of which are true and correct.

Robyn S. Parket

SWORN TO AND SUBSCRIBED before me this 20th day of March, 2023, by Robyn S. Parket, who has produced Florida Driver's License No. P623-737-64-844-0 to me.

Notary Signature
Samantha Cavaliero
Print Notary Name
NOTARY PUBLIC
State of Florida at Large

SAMANTHA ANN CAVALIERO
MY COMMISSION # HH 033414
EXPIRES: August 18, 2024
Bonded Thru Notary Public Underwriters

My Commission Expires 8-18-24

Respectfully Submitted,

S/*Philip L. Reizenstein*
Philip L. Reizenstein, Esq.
Reizenstein & Associates,
PA Florida Bar #634026
2828 Coral Way, Suite 540

4

Miami, FL 33145
(305) 444-0755
Philreizenstein@protonmail.com

5