UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:22-CR-00311-MKV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY SOBERMAN PARKET,

    Defendant.

---

SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PETITIONER ROBYN PARKET'S VERIFIED PETITION CLAIMING OWNERSHIP OF 50% OF THE MARITAL ROTH IRA ACCOUNT

---

PHILIP L. REIZENSTEIN, ESQ.
Reizenstein & Associates, PA
2828 Coral Way
Suite 540
Miami, FL  33145
Fla Bar No: 634026
(305) 444-0755
PhilReizenstein@protonmail.com

1

## Table of Contents

TABLE OF AUTHORITIES ........................................................................................................... 2
INTRODUCTION .......................................................................................................................... 3
FACTUAL AND PROCEDURAL BACKGROUND .................................................................... 4
ARGUMENT .................................................................................................................................. 6
   **I)**     Federal Law ................................................................................................................... 6
   **A.** The Property Is A Substitute Asset ................................................................................. 6
   **B.** Robyn Parket Has A Legal Interest In The Roth IRA .................................................... 8
   **C**. Robyn Parket Is An Innocent Owner ............................................................................ 10
   **II)**    New York State Law ................................................................................................... 11
   CONCLUSION ......................................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Blay v. Blay*, 51 A.D.3d 1189, 857 N.Y.S.2d 784 (2008) ............................................................ 12
*Cuomo v. Moss*, 199 A.D.3d 635  (2d Dept. 2021) ..................................................................... 12
*DeJesus v DeJesus*, 90 N.Y.2d 643 (1997): ................................................................................. 12
*Dolan v Dolan*, 78 N.Y.2d 463 (1991) ........................................................................................ 12
*Fields v Fields*, 15 N.Y.3d 158  (2010) ....................................................................................... 13
*Glessing v. Glessing*, 212 A.D.3d 783, 181 N.Y.S.3d 650 (2d Dept. 2023) ................................ 11
*Honeycutt v. United States*, 581 U.S. 443, 137 S. Ct. 1626  (2017) .............................................. 6
*Majauskas v Majauskas*, 61 N.Y.2d 481 (1984) .......................................................................... 12
*McGrath v. McGrath*, 261 A.D.2d 369 (2d Dept. 1999) ............................................................. 12
*Price v. Price,* 69 N.Y.2d 8 (1986) .............................................................................................. 13
*United States v. Awad*, 598 F.3d 76 (2d Cir. 2010) ....................................................................... 6
*United States v. Daugerdas*, 892 F.3d 545 (2d Cir. 2018) ....................................................... 4, 6
*United States v. Egan,* No. 10-cr-191, 2015 WL 4772688  (S.D.N.Y. Aug. 13, 2015) .............. 7, 9
*United States v. Kogan*, 16 CR. 221 (KPF), 2022 WL 3362452 (S.D.N.Y. Aug. 15, 2022) . passim
*United States* v. *Lester*, 85 F.3d 1409 (9th Cir. 1996) .............................................................. 6, 11
*United States v. Peterson*, 820 F. Supp. 2d 576  (S.D.N.Y. 2011), *aff'd sub nom. United States v. Crew*, 537 F. App'x 3 (2d Cir. 2013) ......................................................................................... 8
*United States v. Stern*, 16-CR-525 (JGK), 2021 WL 34740 (S.D.N.Y. Aug. 5, 2021) ............ 8, 9
*United States v. Surgent*, No. 04-cr-364, 2009 WL 2525137 (E.D.N.Y. Aug. 17, 2009) ............. 6
*United States v. Wolf*, 375 F. Supp. 3d 428, 436 (S.D.N.Y. 2019) ................................ 5, 9, 10, 11
*von Hofe v. United States*, 492 F.3d 175 (2d Cir. 2007) ............................................................. 11

**Statutes**

21 U.S.C. § 853(n) .................................................................................................................. passim
Domestic Relations Law § 236 B(1)(c) ............................................................................... 12, 13

**Rules**

Fed. R. Crim. P. 32.2(b) ................................................................................................................ 4
Fed. R. Crim. P. 32.2(b)(2)(A) ...................................................................................................... 4

## INTRODUCTION

The Petitioner Robyn Parket is the Defendant Jeffrey Parket's former wife in this action to claim and protect her interest in a Roth IRA formed during her marriage and well before the defendant's criminal acts.[1] The terms of Jeffrey Parket's plea agreement included his consent to forfeit his right and interest in certain properties including a Roth Individual Retirement Account (IRA) he formed and shared with his wife during the marriage.

This matter is pending before the Court on Ms. Parket's verified petition asserting an ownership interest in the IRA account pursuant to 21 U.S.C. § 853(n). The Petitioner files this memorandum of law in support of her petition and seeks an evidentiary hearing on the government's attempt to forfeit her interest in her Roth IRA.

Under New York State law, retirement accounts and pension benefits acquired during the marriage are marital property subject to New York's equitable distribution laws. Federal law forfeiture decisions, including those in this district, consistently hold that the federal courts look to state law to determine an individual's interest in the property subject of the forfeiture action.

Robyn Parket is seeking what she is entitled to under New York State law and what she would get in a divorce – her fifty percent interest in the IRA that was formed and funded during

---

[1] During the pendency of this petition before the Court, the divorce action, which began well before the petition was filed, was finalized in July 2023. The Petitioner is awaiting certified copies of her divorce decree, which she will file with the Court.

3

the marriage between Robyn Parket and her husband. Robyn Parket is an innocent spouse and had nothing to do with the crimes for which Jeffrey Parket was indicted and later pled guilty. She is entitled to her fifty percent interest in the Roth IRA.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about February 8, 2022, Defendant Jeffrey Parket was charged with a six-count criminal information before this Court (the "Criminal Case") (D.E 1) for: (Count I) wire fraud; (Count II) mail fraud; (Count III) bank fraud; and three counts of aggravated identity fraud (Counts IV-VI). The dates of the crimes begin in 2018 and continue through 2021.

On February 15, 2023, Jeffrey Parket pled guilty to Counts One and Three and agreed to forfeit $65,441,683.82, representing proceeds traceable to the commission of the offense charged in Counts One and Three of the Information. [D.E. 39].

On February 15, 2023, this Court signed a preliminary order of forfeiture [D.E. 39] that included the asset of the Roth IRA of Jeffrey Parket and Robyn Parket.

On March 29, 2023, pursuant to the preliminary order of forfeiture, Robyn Parket timely filed a verified petition pursuant to 21 U.S.C. § 853(n) requesting a hearing to adjudicate her interest in the Roth IRA. [D.E. 45].

Section 853 and Federal Rule of Criminal Procedure 32.2 create a two-stage procedural framework for completing a forfeiture. "At stage one ..., before entering a preliminary order of forfeiture, the court ... adjudicate[s] the government's interest vis-à-vis the defendant 'without regard to any third party's interest in the property.' " *United States v. Daugerdas*, 892 F.3d 545, 549 (2d Cir. 2018) (quoting Fed. R. Crim. P. 32.2(b)(2)(A)).

The proceeding before this Court is at stage two: "[A]t stage two, before entering a final order of forfeiture, the court resolves any third-party petitioner's interests vis-à-vis the defendant." *Id.*

During stage two, "any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may ... petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C § 853(n).

The burden of proof is on the petitioner by a preponderance of the evidence to establish that she has a "legal right, title, or interest" in the property to be forfeited. *United States v. Wolf*, 375 F. Supp. 3d 428, 436 (S.D.N.Y. 2019).

State law is applicable in defining and determining the legal interest of the petitioner:

> "Property interests are created and defined by state law." *Butner* v. *United States*, 440 U.S. 48, 55 (1979). In relation to forfeiture proceedings specifically, this principle is controlling. *Willis Management (Vermont), Ltd.* v. *United States*, 652 F.3d 236, 242 (2d Cir. 2011) (in resolving a forfeiture proceeding, the Second Circuit held that "state law determines a petitioner's legal interest in the property at issue"). Accordingly, to determine Petitioners' interests in their homes, the Court will apply the law of the state where each property is located.

*United States v. Kogan*, 16 CR. 221 (KPF), 2022 WL 3362452, at *3 (S.D.N.Y. Aug. 15, 2022); *See also Wolf,* 375 F. Supp. 3d at 436 ("The forfeiture statute does not define what constitutes a "legal ... interest." Rather, the extent of the petitioner's interest in the property to be forfeited is determined in accordance with state law.").

**ARGUMENT**

**I)      Federal Law**

**A. The Property Is A Substitute Asset**

Two categories of property are subject to forfeiture under 21 U.S.C. § 853. The first type of property is "tainted property," meaning that the property was derived from the proceeds of a crime. *See, e.g.*, *Honeycutt v. United States*, 581 U.S. 443, 137 S. Ct. 1626 (2017). The second category of property is innocent property, also called substitute assets, which is subject to forfeiture in place of tainted property that has been dissipated. *Id.* at 451.

The Roth IRA, as detailed in the petition, was formed close to twenty years before the time period in the indictment and was funded with stock at a time well before the acts in the indictment. The government's consent motion for forfeiture labels the property as an "alternative asset", which the Petitioner submits is another term for a substitute asset. [D.E. 39]. **2**

The issue of the property being a substitute asset is a significant one. 21 U.S.C. § 853(p)(2) states that to be forfeited, substitute property must be ***solely*** the property "of the defendant." *United States v. Daugerdas*, 892 F.3d at 553 (citing *United States* v. *Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996)) (highlighting that *"only the substitute 'property of the defendant'* may be forfeited to the Government") (emphasis in original). *See also United States v. Surgent*, No. 04-cr-364, 2009 WL 2525137, at *22 (E.D.N.Y. Aug. 17, 2009), *abrogated on other grounds by United States v. Awad*, 598 F.3d 76, 79 (2d Cir. 2010) ("[T]he government must show that any alleged substitute property is property 'of the defendant' before an order forfeiting that property may be entered."). Property

---

[2] The consent order references the sum of 65,441,683.82 as "proceeds traceable to the commission of the offense" and then identified two properties that Jeffrey Parket agreed to forfeit- a bank account and the Roth IRA. Nothing in the agreed order identifies the Roth IRA as proceeds of the offense, and under information and belief, the parties agree that the Roth IRA is a substitute asset.

"of the defendant" does not mean property of the defendant and others. Basic principles of due process and forfeiture law never allow for an innocent party to suffer for the crimes of a defendant merely because an innocent party unfortunately owns property with a wrongdoer.

In this case, because the Roth IRA belonged to both Defendant Jeffrey Parket and Robyn Parket under New York State law, the government can only forfeit the defendant's interest in the property.

Viewed another way, the government "*has stepped into the shoes of the defendant*" regarding the Roth IRA and is entitled to only what Jeffrey Parket would have received from the divorce: fifty percent of the marital Roth IRA. *See United States v. Egan,* No. 10-cr-191, 2015 WL 4772688, at *3 (S.D.N.Y. Aug. 13, 2015) ("[T]he Government stepped into [the defendant's] shoes at the moment of preliminary forfeiture."). *See also United States v. Kogan*, 16 CR. 221 (KPF), 2022 WL 3362452, at *5 (S.D.N.Y. Aug. 15, 2022):

> A central tenet of forfeiture proceedings is that the Government "stands in the defendant's shoes" when it acquires a defendant's interest in a particular property. *United States* v. *Nektalov*, 440 F. Supp. 2d 287, 295 (S.D.N.Y. 2006). Accordingly, "a defendant's consent to forfeit property does not expand the Court's power over that property, if the property is not the defendant's own," since one only has the power to convey or forfeit property to which he holds title. *United States* v. *Egan*, 811 F. Supp. 2d 829, 838 (S.D.N.Y. 2011) (quoting *United States* v. *Schwimmer*, 968 F.2d 1570, 1580-81 (2d Cir. 1992) (internal quotation marks omitted)).

The holdings in *Egan*, *Kogan*, and the cases cited therein show that while the government may be entitled to Jeffrey Parket's interest in the Roth IRA, it cannot forfeit what Jeffrey Parket did not own: Robyn Parket's interest in the marital Roth IRA.

**B. Robyn Parket Has A Legal Interest In The Roth IRA**

The issue before this Court is whether Robyn Parket has a legal interest in the marital Roth IRA. *United States v. Peterson*, 820 F. Supp. 2d 576, 582 (S.D.N.Y. 2011), *aff'd sub nom. United States v. Crew*, 537 F. App'x 3 (2d Cir. 2013) ("This proceeding does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property." Fed. R. Crim. P. 32.2, Advisory Committee Note (b) (2000)").

Upon entry of the preliminary order of forfeiture, Jeffrey Parket's right to his interest in the marital property (The Roth IRA) was forfeited to the government. The loss of Jeffrey Parket's interest, even via his plea agreement, cannot affect the rights of Robyn Parket because Jeffrey Parket cannot forfeit what he did not own or have a right to.

The orders of judges in this district addressing similar issues of the government's ability to forfeit substitute property that is a marital asset, reported in *United States v. Stern*, 16-CR-525 (JGK), 2021 WL 34740, at *4 (S.D.N.Y. Aug. 5, 2021) and *United States v. Kogan*, are instructive to the resolution of this matter.

In *Stern,* the government sought forfeiture of the property of the defendant's wife which was owned as tenants by the entirety. The Court in *Stern* held: "Ms. Stern has a right to survivorship in the Subject Property tied to Mr. Stern's life as part of the tenancy by the entirety. …The Government cannot take, and Mr. Stern cannot forfeit, an interest that does not belong to Mr. Stern." *Stern*, 2021 WL 3474040, at *4. This language recognizes that forfeiture is limited to the ownership interest of the party subjected to forfeiture, which in this case is the fifty percent interest the government forfeited from Jeffrey Parket because the government stands in Jeffrey Parket's shoes at this point.

8

The district court in *Stern* then held that the Government could not forfeit the innocent spouse's interest in the marital property:

> The Government asserts that Section 853 authorizes forfeiture "irrespective of any provision of State law," and therefore Ms. Stern's state law property rights cannot interfere with the Government's right to forfeiture. See 21 U.S.C. § 853(a). However, while property rights are determined by state law, federal law provides that the Government cannot seize a property interest belonging to Ms. Stern. Therefore, state law is not prohibiting the forfeiture in this context. Rather, state law determines the interests at stake and federal law determines which can be forfeited. Accordingly, the Government cannot seize the survivorship right Ms. Stern possesses by virtue of the tenancy by the entirety.

*Id.* (citing *United States v. Wolf*, 375 F. Supp. 3d 428, 439 (S.D.N.Y. 2019).

In *United States v. Kogan*, the Court addressed the third-party petitions of spouses claiming an interest in substitute asset property the government was seeking to forfeit from the defendant/husband. The reasoning denying the government's motion for judgment on the pleadings is applicable herein:

> A central tenet of forfeiture proceedings is that the Government "stands in the defendant's shoes" when it acquires a defendant's interest in a particular property. *United States* v. *Nektalov*, 440 F. Supp. 2d 287, 295 (S.D.N.Y. 2006). Accordingly, "a defendant's consent to forfeit property does not expand the Court's power over that property, if the property is not the defendant's own," since one only has the power to convey or forfeit property to which he holds title. *United States* v. *Egan*, 811 F. Supp. 2d 829, 838 (S.D.N.Y. 2011) (quoting *United States* v. *Schwimmer*, 968 F.2d 1570, 1580-81 (2d Cir. 1992) (internal quotation marks omitted)).

*United States v. Kogan*, 2022 WL 3362452, at *5.

The fact that Jeffrey Parket agreed to substitute asset forfeiture [D.E. 39] does not permit the government to forfeit what Parket did not own: his former wife's interest in their joint Roth IRA account.

The Court in *Kogan* cited the decision in *United States v. Stern*[3]:

> [J]udge Koeltl conceptualized the forfeiture, for the purposes of determining Ms. Ster's interest, as a voluntary conveyance of the defendant's interest in his home from the defendant to the Government. *Stern*, 2021 WL 3474040, at *5 ...
>
> Still, Mr. Stern's conveyance did not, and could not, destroy his wife's right of survivorship, tied to his life, in their home. *Id.* at *4-5 ("While Mr. Stern also had a right to survivorship tied to Ms. Stern's life, the survivorship right tied to his life belongs to Ms. Stern rather than Mr. Stern. The Government cannot take, and Mr. Stern cannot forfeit, an interest that does not belong to Mr. Stern."). In other words, though Mr. Stern had the ability to transfer his interest to another party, he did not have the ability to unilaterally destroy Ms. Stern's right of survivorship.

*United States v. Kogan*, 2022 WL 3362452, at *5.

The same reasoning applies to Robyn Parket – Jeffrey Parket's voluntary agreement to forfeit **his interest** in the substitute asset Roth IRA cannot destroy Robyn Parket's interest – especially as an innocent spouse. As the Court in *Kogan* wrote about the decision in *Stern*: "[O]nly criminal wrongdoers should be subjected to punishment by the Government." *Id.* at *7. Robyn Parket stands before this Court as an innocent owner.

### C. Robyn Parket Is An Innocent Owner

Jeffrey Parket was indicted and pled guilty to criminal conduct in which Robyn Parket took no part. In some court documents, Robyn Parket has been identified as a victim of some of Jeffrey Parket's crimes. She is an innocent owner of the Roth IRA, which was formed and funded well before the criminal conduct of her former husband.

In *United States v. Wolf*, the Court wrote:

---

[3] The Court finds guidance in Judge Koeltl's opinion in *United States* v. *Stern*, 2021 WL 3474040, at *3, which was issued after briefing in the instant case had concluded. *United States v. Kogan*, 2022 WL 3362452, at *7.

> The absence of an innocent owner exception to criminal forfeiture under 21 U.S.C. § 853 does not imply that a court need not account for the interests of an innocent owner. First, as a general matter, the Second Circuit has recognized Congress' intention to vest in the government the same substantive rights under the civil and criminal forfeiture statutes, notwithstanding their technical differences. Second, including an innocent owner exception in the criminal forfeiture statute would be "would be superfluous," because criminal forfeiture under § 853 reaches only the property of the criminal defendant, and therefore there are no circumstances in which the property of an innocent owner is lawfully forfeited.

*United States v. Wolf*, 375 F. Supp. 3d at 440. *See also United States v. Lester*, 85 F.3d at 1414 n.8 ("[B]ecause a criminal forfeiture is an action against the convicted defendant, who by definition is not 'innocent,' there simply was no need to have an innocent-owner exception.").

The Court in *Wolf* noted that the Second Circuit in *Daugerdas* held that "criminal forfeiture is an *in personam* action in which *only the defendant's interest* in the property may be forfeited." *Daugerdas*, 892 F.3d at 548. The person forfeiting the property is limited to the person convicted of a crime: "[A]n in personam forfeiture hinges on criminal conviction." *von Hofe v. United States*, 492 F.3d 175, 190 (2d Cir. 2007). *See also United States v. Lester*, 85 F.3d at 1413 ("[A] criminal forfeiture is an *in personam* judgment *against a person convicted of a crime*") (emphasis original).

In all aspects, the above-cited decisions of the courts in this district hold that an innocent owner spouse's interest in a substitute asset forfeiture property is a legal interest that cannot be forfeited to the government, which stands in the shoes of the defendant whose crimes necessitated forfeiture only of ***his property*** and ***his interests*** in property jointly owned by innocent spouses.

II) **New York State Law**

The decisions in *United States v. Kogan* and *United States v. Wolf* make clear that federal courts look to the state law when adjudicating a third-party claim in a forfeiture proceeding: "The forfeiture statute does not define what constitutes a 'legal ... interest.' Rather, the extent of the

11

petitioner's interest in the [property to be forfeited] is determined in accordance with state law." *Wolf*, 375 F. Supp. 3d at 436 (internal citations omitted).

It is settled law in New York that retirement accounts and pension benefits acquired during the marriage are marital property subject to New York's equitable distribution laws. *See, e.g., Glessing v. Glessing*, 212 A.D.3d 783, 181 N.Y.S.3d 650 (2d Dept. 2023) ("Pension benefits, except to the extent that they are earned or acquired before marriage or after commencement of a matrimonial action, constitute marital property because they are in essence, a form of deferred compensation derived from employment during the marriage")(citing *Dolan v Dolan*, 78 N.Y.2d 463, 466 (1991); *Majauskas v Majauskas*, 61 N.Y.2d 481, 490 (1984)).

The following cases also support the proposition that IRA accounts are marital property in New York:

1) *Cuomo v. Moss*, 199 A.D.3d 635, 636 (2d Dept. 2021): "Pension and retirement benefits belonging to either spouse attributable to employment during the marriage constitute marital property subject to equitable distribution upon divorce."

2) *McGrath v. McGrath*, 261 A.D.2d 369, 370 (2d Dept. 1999): "It is well established that pension and retirement benefits belonging to either spouse attributable to employment during the marriage constitute marital property subject to equitable distribution upon divorce."

3) *Blay v. Blay*, 51 A.D.3d 1189, 1191, 857 N.Y.S.2d 784, 787 (2008): "The court found that the partnership contributed to a Keogh retirement plan during the marriage, making part of the accrued value in that plan marital property."

Marital property is defined in New York's Domestic Relations Law § 236 B(1)(c) as

> **c.** The term "marital property" shall mean all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held, except as otherwise provided in agreement pursuant to subdivision three of

> this part. Marital property shall not include separate property as hereinafter defined.

Additionally, there is a presumption under New York law that all property acquired by either spouse during the marriage is marital property. *See DeJesus v DeJesus*, 90 N.Y.2d 643, 647 (1997):

> The Domestic Relations Law defines marital property as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action" (Domestic Relations Law § 236 [B] [1] [c]). The statute is sweeping and "recognizes that spouses have an equitable claim to *things of value* arising out of the marital relationship" (*O'Brien v O'Brien,* 66 NY2d 576, 583 [emphasis added]). Consequently, this Court has held "marital property" to include a wide range of intangible interests which in other contexts might not be recognized as divisible property at all.

*See also Fields v Fields*, 15 N.Y.3d 158, 161-162 (2010) ("Domestic Relations Law § 236 defines 'marital property' as 'all property acquired by either or both spouses *during the marriage* and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held' (Domestic Relations Law § 236 [B] [1] [c]").

In the seminal case of *Price v. Price,* 69 N.Y.2d 8,15 (1986), the Court of Appeals reaffirmed that marital property should be read as broadly as possible:

> The Legislature, in defining this basic term "marital property", we have held, intended that the term should be construed broadly in order to give effect to the "economic partnership" concept of the marriage relationship recognized in the statute. The term "separate property", on the other hand, which is described in the statute as an exception to marital property, we have stated, should be construed narrowly.

(Internal citations omitted).

The Roth IRA acquired by the Parkets during their marriage is marital property subject to New York's equitable distribution law.

13

## CONCLUSION

Because the Roth IRA is marital property under New York law, and New York has an equitable distribution statute for marital property in a divorce, the government cannot divest Robyn Parket of her interest in the Roth IRA. She did nothing wrong. The government, by virtue of the agreement of Jeffrey Parket to forfeiture, stands in his shoes. As such, the government is entitled to no more than Jeffery Parket would get in the divorce: one-half of the Roth IRA account.

Respectfully submitted,

REIZENSTEIN & ASSOCIATES, P.A.
2828 Coral Way, Suite 540
Miami, FL 33145
Tel.: (305) 444-0755
Email:  Philreizenstein@protonmail.com

*Attorneys for Petitioner Robyn S. Parket, admitted pro hac vice.*

By:   */s/ Philip L. Reizenstein*
Philip L. Reizenstein, Esq.
Florida Bar Number:  634026

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on this 3rd day of August 2023, a true and accurate copy of the foregoing has been furnished to the Clerk of the Court using CM/ECF electronic service. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

REIZENSTEIN & ASSOCIATES, P.A.
2828 Coral Way, Suite 540
Miami, FL 33145
Tel.: (305) 444-0755

Email: <u>Philreizenstein@protonmail.com</u>

*Attorneys for Petitioner Robyn S. Parket*

By: <u>*/s/ Philip L. Reizenstein*</u>
      Philip L. Reizenstein