UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                v.<br><br>JEFFREY SOBERMAN PARKET,<br><br>          Defendant.<br><br>ROBYN PARKET,<br><br>          Claimant-Third-Party Petitioner. | 22 Cr. 311 (MKV) |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION TO DISMISS THE THIRD-PARTY PETITION OF ROBYN PARKET**

                                              DAMIAN WILLIAMS
                                              United States Attorney for the
                                              Southern District of New York

Jane Chong
Assistant United States Attorney
    *– Of Counsel –*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ............................................................................................................................ 1

    A. The Defendant's Offense Conduct.................................................................................... 1

    B. The Criminal Proceedings ................................................................................................ 2

    C. The Subject Property ........................................................................................................ 2

    D. The Third-Party Petition .................................................................................................. 3

APPLICABLE LAW ...................................................................................................................... 4

    A. Federal Criminal Forfeiture .............................................................................................. 4

    B. The Adjudication of Third-Party Claims ......................................................................... 5

    C. Marital Property Interests under New York Law ............................................................. 6

DISCUSSION ................................................................................................................................. 7

    The Petitioner Has No Legal Interest in the Subject Property. ............................................... 7

CONCLUSION ............................................................................................................................. 10

**PRELIMINARY STATEMENT**

The Government respectfully submits this memorandum of law in support of its motion to dismiss the third-party petition of Robyn Parket (the "Petitioner") asserting an ownership interest in an alternative asset held in an individual retirement account (the "Subject Property") and forfeited by her then-husband, defendant Jeffrey Soberman Parket, to the United States. ECF Nos. 39 ("Pet."), 45 ("Supp. Mem.").

The defendant pleaded guilty to defrauding over a dozen victims of millions of dollar. On the Government's request and with the defendant's consent, the Court then entered a preliminary order of forfeiture extinguishing the defendant's interest in the Subject Property. The Petitioner has now filed a petition and supplemental memorandum requesting that the Court commence an ancillary proceeding to adjudicate the validity of her alleged interest in the Subject Property. Even taking the facts in the Petitioner's submissions as true, however, she fails to state a claim of ownership superior to that of the Government. Further, no additional fact discovery could substantiate her claim of superior ownership. Thus, the Government moves to dismiss the petition without an evidentiary hearing.

**BACKGROUND**

**A.  The Defendant's Offense Conduct**

Jeffrey Soberman Parket is a former bonds trader and hedge fund founder. From at least 2016 through 2021, the defendant conducted an elaborate Ponzi-style lending scheme through which he fraudulently obtained funds from institutional and individual lenders, and then repaid them with fraudulently obtained loans from later lenders. In this way, he deceived over a dozen victims into extending him loans totaling approximately $65 million. As part of the fraud, the defendant signed numerous assignment and pledge agreements and confessions of judgment that

1

purported to allow his lenders to collect on his assets in case of default. As proof of those assets, Parket fabricated hundreds of pages of bank and brokerage account statements, investment agreements, and business correspondence that purported to confirm, among other things, the defendant's valuable ownership and investment interests.

### B. The Criminal Proceedings

On February 11, 2022, the defendant was arrested on a federal complaint. On June 2, 2022, the defendant was arraigned on a four-count information charging him with (1) mail fraud, in violation of 18 U.S.C. § 1341; (2) wire fraud, in violation of 18 U.S.C. § 1343, (3) bank fraud, in violation of 18 U.S.C. § 1344, and (4) aggravated identity theft, in violation of 18 U.S.C. § 1028A. ECF No. 12. On February 15, 2023, the defendant pleaded guilty to the wire fraud and bank fraud counts. ECF No. 40.

In conjunction with his guilty plea, the defendant and the Government agreed on the terms of a consent preliminary order of forfeiture, which was entered by the Court at the time of the defendant's plea on February 15, 2023. ECF No. 39. Pursuant to the order, the defendant consented to the entry of a money judgment in the amount of approximately $65 million and forfeited his right, title, and interest to two items of specific property: (1) the sum of $2,460,040.79, consisting of fraud proceeds that the defendant wired to a family member shortly before confessing to his crimes, in an apparent effort to hide and retain it, and (2) an alternative asset on deposit in a Roth IRA, which is the subject of the Petitioner's instant claim (the "Subject Property").

### C. The Subject Property

The Subject Property is a stock certificate for shares of a private company, held by a custodial entity in a self-directed individual retirement account ("IRA") in the defendant's name.

Account records show that the defendant possessed the IRA, as well as the Subject Property, since before the start of the charged fraud period.

The defendant used the IRA in his scheme to defraud lenders, doctoring the statements to falsely reflect a total portfolio market value of over $61 million and using this purported collateral to successfully obtain multi-million-dollar loans.[1] Unaltered copies of the statements, however, indicate that the Subject Property, the only asset currently in the account, has a "market value" of $117,935.16. The Government's understanding is that this is a self-reported figure provided by the defendant to the custodial entity. The asset's fair-market value, if any, has not been determined.

### D. The Third-Party Petition

The defendant and the "Petitioner were married on September 2, 1989. ECF No. 45 ("Pet."), ¶ 2. On November 21, 2022, the Petitioner filed for divorce in the County of Queens, and on November 23, 2022, the defendant and the Petitioner entered into a stipulation for settlement of divorce (the "Divorce Settlement"). Pet. ¶ 3.

On March 29, 2023, following the entry of the consent preliminary order of forfeiture, the Petitioner filed a petition with the Court seeking an ancillary hearing for adjudication of her claim to a 50-percent interest in the Subject Property. Pet. ¶ 5. After conferring with the Government on a proposed briefing schedule, on August 3, 2023, the Petitioner filed a supplemental memorandum in support of her petition. ECF No. 71 ("Supp. Mem."). In her supplemental memorandum, the Petitioner confirmed that the divorce was finalized in July 2023. Supp. Mem. 3.

---

[1] For example, in April 2021, the defendant and the Petitioner executed a secured promissory note with a New York-based lender for an approximately $2.5 million short-term loan for the alleged purchase of a Manhattan co-op on Park Avenue. To obtain the loan, the defendant provided the lender numerous financial records, including a falsified quarterly statement from the account holding the Subject Property. According to the defendant, the Petitioner provided her signature on such documents without knowledge of their fraudulent nature.

As set forth in her supplemental memorandum, the Petitioner's primary argument is that she owns half the Subject Property because it is marital property subject to New York's equitable distribution laws. Supp. Mem. 11-13, 14. She also argues that she is "an innocent party" whose interest in the property is not subject to forfeiture. Supp. Mem. 8-11, 14.

## APPLICABLE LAW

### A. Federal Criminal Forfeiture

Criminal forfeiture proceeds in distinct phases that are governed by 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure. *See United States v. Daugerdas*, 892 F.3d 545, 549 (2d Cir. 2018).

First, before entering a preliminary order of forfeiture, the court "adjudicate[s] the government's interest vis-à-vis the defendant 'without regard to any third party's interest in the property.'" *Id.* (quoting Fed. R. Crim. P. 32.2(b)(2)(A)). Second, the entry of the preliminary order of forfeiture "actually accomplishes the forfeiture of the defendant's interest in the contested property." *United States v. Egan*, 654 F. App'x 520, 521 (2d Cir. 2016). That is, the entry of the order "determin[es] that the specific property covered by the order constitutes a forfeitable asset and extinguish[es] the criminal defendant's interest in the property." *In re Dreier LLP*, 452 B.R. 391, 412 (Bankr. S.D.N.Y. 2011); *see also United States v. Egan*, No. 10 CR. 191 JFK, 2015 WL 4772688, at *2-3 (S.D.N.Y. Aug. 13, 2015) ("The preliminary order of forfeiture divested [the defendant] of his interest in the Shares and transferred that interest to the Government."). Third, before entering a final order of forfeiture, in accordance with 21 U.S.C. § 853(n), the court resolves any third-party claims asserting an interest in the property.[2]

---

[2] As part of the notice requirements that must be satisfied prior to the entry of a final order of forfeiture, the Government complied with the publication requirements set forth in 21 U.S.C. § 853(n)(1). Third-party claimants had thirty days from the final publication of notice (or receipt

4

B.  **The Adjudication of Third-Party Claims**

Section 853(n) sets forth the only mechanism by which a third party may claim an interest in property that is ordered forfeited in a criminal case. *See* 21 U.S.C. § 853(n)(1)-(7); *see also DSI Assocs. v. United States*, 496 F.3d 175, 183 (2d Cir. 2007). The statute provides that a third party may petition for an ancillary hearing to adjudicate her alleged interest in the property to be forfeited. *See* 21 U.S.C. § 853(n)(2). "Without proceeding to a formal hearing, however, the court may, on motion, dismiss the petition" for any of the reasons set forth in Rule 32.2: that is, "for lack of standing, for failure to state a claim, or for any other lawful reason." *United States v. Watts*, 786 F.3d 152, 161 (2d Cir. 2015) (quoting Fed. R. Crim. P. 32.2(c)(1)(A)).

The Second Circuit has instructed that "a motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004); *see also Watts*, 786 F.3d at 161 (same). That is, to survive the motion, "the petition need only state enough facts to state a claim to relief that is plausible on its face." *Watts*, 786 F.3d at 161. On the other hand, the Government's motion to dismiss a third-party petition should be granted, without a hearing, if the petition does not "contain sufficient factual matter, accepted as true," to state such a claim. *United States v. Ackerman*, No. 20-CR-93-LTS, 2023 WL 3568654, at *2 (S.D.N.Y. May 18, 2023).

To adjudicate a third-party petition, the district court determines whether the petitioner has established by a preponderance of the evidence one of two superior claims to the property under § 853(n)(6). *Pacheco*, 393 F.3d at 351. To prove one such superior claim, the petitioner must

---

of direct notice) to petition the court for a hearing to adjudicate the validity of their alleged interest in the property." *Id.* § 853(n)(2). The claims period is now closed, and the Petitioner remains the only third party who has asserted a legal interest in the Subject Property.

5

demonstrate that she "has a legal right, title, or interest in the property, ... [that] was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A). In the alternative, the petitioner must demonstrate that she "is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." *Id.* § 853(n)(6)(B). "Beyond those two limited claims, the provision authorizes no challenges to the forfeitability of a defendant's property by interested third parties." *Watts*, 786 F.3d at 175.

After adjudicating the third-party claims, the district court amends or leaves unaltered the final order of forfeiture, as appropriate. 21 U.S.C. § 853(n)(6); Fed. R. Crim. P. 32.2(c)(2).

### C.  Marital Property Interests under New York Law

"The extent of the petitioner's interest in the [property to be forfeited] is determined in accordance with state law." *Watts*, 786 F.3d at 161. Here, the asserted basis of the petitioner's interest is her claim to marital property under New York law.

Under New York Domestic Relations Law § 236(B)(1)(c), marital property is "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held." But a spouse does not obtain an equitable interest in property in which she lacks legal title merely because the property can be "categorized as marital property," "[n]or do rights vest . . . upon the commencement of a matrimonial action." *Musso v. Ostashko*, 468 F.3d 99, 105 (2d Cir. 2006) (quoting N.Y. Dom. Rel. L. § 236(B)(1)(c)). Rather, as New York's highest court has held, "legal rights to specific marital property vest upon the judgment of

divorce." *Pangea Cap. Mgmt., LLC v. Lakian*, 34 N.Y.3d 38, 43 (N.Y. 2019);[3] *see United States v. Butler*, 543 F. App'x 95, 95–97 (2d Cir. 2013) ("New York state law does not create any interest in marital property prior to a judgment dissolving the marriage.").

Relying on that decision, this Court has recognized elsewhere the significance of "[j]udgments of divorce in New York" as "'a final settling of accounts between marital partners with an equitable interest in all marital property.'" *In re Brown*, No. 1:20-CV-03943 (MKV), 2021 WL 510157, at *6 (S.D.N.Y. Feb. 11, 2021) (quoting *Pangea Capital Mgmt.*, 34 N.Y. 3d 38, 46).

## DISCUSSION

**The Petitioner Has No Legal Interest in the Subject Property.**

Even taking as true all the factual allegations set forth in her petition, the Petitioner does not have any legal interest in the Subject Property, much less an interest that is superior to that of the Government. Her petition should thus be dismissed for failure to state a claim on which relief can be granted.[4]

To establish her allegedly superior interest, the Petitioner's devotes most of her briefing to well-established propositions that the Government does not dispute. For instance, the Government does not dispute that criminal forfeiture permits the Government to acquire an interest in particular

---

[3] In 2019, the Second Circuit certified to the New York Court of Appeals the question that elicited this holding. *See Pangea Cap. Mgmt., LLC v. Lakian*, 929 F.3d 54, 56 (2d Cir. 2019).

[4] In the alternative, because the Petitioner does not have a legal interest of any kind in the Subject Property, she also does not have standing to contest forfeiture in an ancillary proceeding. In order to state a cognizable claim in the ancillary proceeding, a petitioner must assert a "legal interest" in the forfeitable property. 21 U.S.C. § 853(n)(2). This requirement is sometimes referred to as statutory standing and the legal interest must relate to specific, forfeitable property. *See United States v. Lin Hu*, No. 08 Cr. 425 (BMC), 2011 WL 5884918, at *3 (E.D.N.Y. Nov. 23, 2011) ("The Second Circuit has interpreted this language as a statutory standing requirement which prevents a claimant from petitioning the court under § 853(n)(2) unless the claimant can demonstrate the requisite legal interest in the forfeited assets.") (internal citation omitted).

7

property only to the extent that interest belongs to the criminal defendant. Supp. Mem. 7-10. Nor does the Government dispute that, under New York law, property acquired during a marriage is presumed to be marital property subject to equitable distribution after divorce, a broad category that may include individual retirement accounts. Supp. Mem. 11-13.

But where, as here, a third party alleges a superior claim to the forfeited property based on New York's equitable distribution laws, the question is not whether the Subject Property is properly understood as marital property under New York law. "[A] third party may prevail under § 853(n)(6)(A) only by establishing that [s]he had a legal interest in the forfeited property before . . . the government's interest vested." *United States v. Watts*, 786 F.3d 152, 166 (2d Cir. 2015). Here, the Government's interest vested at the very latest on February 15, 2023, when the entry of the consent preliminary order of forfeiture extinguished and transferred the defendant's interest in the Subject Property.[5] *See Egan*, No. 10 CR. 191 JFK, 2015 WL 4772688, at *2-3; *In re Dreier LLP*, 452 B.R. at 412. Thus, the question is whether, as of February 15, 2023, the Petitioner already had a vested interest in the marital property. Under New York law, she did not.

The key facts are uncontested. The Subject Property is an individual retirement account that was owned by the defendant and held in the defendant's name alone. Although the Petitioner asserts an equitable interest in the account, she does not appear to dispute that she herself lacked legal title. In addition, the Petitioner concedes that as of February 15, 2023, her divorce remained pending and was not finalized until July 2023. Supp. Mem. 3. Thus, by definition, no judgment of divorce had yet been entered dissolving her marriage to the defendant at the time the defendant

---

[5] A preliminary order of forfeiture is "preliminary" only as to potential third-party petitioners; the preliminary order is final as to the defendant and divests the defendant of his right, title and interest in the property to the Government as of the time of its entry. *See* Fed. R. Crim. P. 32.2(b)(2)(A) and (4)(A).

was divested of his interest in the Subject Property with the entry of the consent preliminary order of forfeiture.

These uncontested facts are fatal to the Petitioner's alleged interest in the Subject Property as marital property under New York's equitable distribution laws. As the Second Circuit has recognized, under New York law, "[a] spouse without legal title has no interest in marital property prior to obtaining a judgment creating such an interest, for the concept of marital property only exists 'as an ancillary remedy to the dissolution of a marriage.'" *Musso*, 468 F.3d at 1 105–06 (quoting *Leibowits v. Leibowits*, 93 A.D.2d 535, 541 (2d Dep't 1983) (O'Connor, J., concurring)); *see also Taub v. Adams*, 2010 WL 8961434, at *10 (E.D.N.Y. Aug. 31, 2010) ("[U]nder New York law, one spouse's rights in marital property owned by the other are inchoate and do not vest until entry of a judgment of divorce.").

The timing of the divorce judgment was thus dispositive for assessing ownership in *Musso*, which involved a priority dispute over marital property between a wife and the trustee of her former spouse's bankruptcy estate. The involuntary Chapter 7 petition was filed after the marital assets were awarded to the wife in state court matrimonial proceedings, but before the entry of the judgment. The Second Circuit concluded, as a matter of New York law, that because the wife's interest in the property did not completely vest until entry of the judgment, the property was part of the bankruptcy estate. More broadly, "as between a spouse and a third party (such as a judgment lien creditor), entry of judgment is critical, under New York law, to cementing the spouse's interest in the property." *Musso*, 468 F.3d at 107. So it is here. Because the Petitioner's interest in the Subject Property did not vest by the time the consent preliminary order of forfeiture was entered, the defendant alone held an interest in the Subject Property and then forfeited that interest entirely to the Government.

The thread that runs through all the Petitioner's arguments is the unsupported notion that, by virtue of her spousal relationship with the holder of this individual account, she was also the owner of 50 percent of the account at the time of the defendant's forfeiture. But she cites no authority for that proposition, nor can she, because New York law is to the contrary. To the extent she seeks to assert an interest in the Subject Property on the theory it is properly categorized as marital property subject to equitable division in the event of divorce, or on the theory that the commencement of divorce proceedings is sufficient to trigger ownership, the Second Circuit has already rejected both readings of the law. *See Musso*, 468 F.3d at 105.

## CONCLUSION

Because the Petitioner has no legal interest in the Subject Property, her petition should be dismissed without a hearing.

Dated: New York, New York
       August 17, 2023

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York

                                   By:  _____
                                        Jane Chong
                                        Assistant United States Attorney
                                        917-763-3172